**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MARINER IC INC., ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 2:16-cv-442 | |
| ) | | |
| FUNAI ELECTRIC CO., LTD., and FUNAI ) | **JURY TRIAL DEMANDED** | |
| CORPORATION, INC., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| ) | | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mariner IC Inc. ("Mariner" or "Plaintiff"), for its Complaint against Defendants Funai Electric Co., LTD, and Funai Corporation, Inc., (collectively "Defendants") alleges as follows:

**THE PARTIES**

1. Mariner is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Defendant Funai Electric Co. Ltd. ("Funai Electric") is a corporation organized and existing under the laws of Japan, with its principal place of business located at 7-7-1 Nakagaito, Daito, Osaka 574-0013, Japan, and may be served pursuant to the provisions of the Hague Convention. Funai is a leading manufacturer and seller of televisions in the United States. Upon information and belief, Funai Electric does business in Texas, directly or through intermediaries.

3. Upon information and belief, Funai Corporation, Inc. ("Funai Corp." and together with Funai Electric, "Funai") is a New Jersey corporation, with its principal place of business at 201 Route 17, Suite 903, Rutherford, New Jersey, 07070. Defendant may be served with process through its registered agent, National Corporate Research, Ltd., located at 14 Scenic Drive, Dayton, New Jersey, 08810. On information and belief, Funai Corp. is a U.S.-based subsidiary of Funai Electric, and oversees Funai Electric's U.S. sales operations.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants. Defendants conduct business in this judicial district and have committed acts of patent infringement in this judicial district, the State of Texas, and elsewhere in the United States.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this judicial district, Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

7. On July 22, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,650,666 (the "'666 Patent") entitled "Method and Apparatus for Preventing Cracks in Semiconductor Die." A true and correct copy of the '666 Patent is attached hereto as Exhibit A.

8. On December 8, 1998, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,846,874 (the "'874 Patent") entitled "Method and Apparatus for Preventing Cracks in Semiconductor Die." A true and correct copy of the '874 Patent is attached hereto as Exhibit B.

9. Mariner is the sole and exclusive owner of all right, title and interest in the '666 Patent and '874 Patent (together, the "Patents-In-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-In-Suit, including the filing of this patent infringement lawsuit. Mariner also has the right to recover all damages for past, present, and future infringement of the Patents-In-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

10. The Patents-In-Suit generally cover anchor structures that are placed in the corners and around the edges of a semiconductor die to prevent cracks in the die due to stress. The anchor structures are positioned at a 45-degree angle to the sides of the die and are comprised of at least a substrate layer, a metal layer and an oxide layer. The placement of the anchor structures more uniformly distributes stresses along the anchor preventing cracks at the corners of the die.

11. Semiconductors using anchor structures of the type taught and disclosed in the Patents-In-Suit are found in many high definition televisions, hard drives, touch screen controllers, and other widely available products. These semiconductors include system-on-chip ("SoC") integrated circuits among others.

12. On information and belief, Funai currently markets and sells Sanyo and Magnavox brand televisions and displays.

## COUNT I
### (Infringement of the '666 Patent)

13. Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

14. Mariner has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '666 Patent.

15. Defendants have and continue to directly infringe the '666 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '666 Patent. Upon information and belief, these products include Funai Televisions that include integrated circuits including, but not limited to the Panasonic MN2WS0172A integrated circuit. By way of example, infringing Televisions include the Philips 40PFL4907, which televisions include integrated circuits, such as the Panasonic MN2WS0172A integrated circuit.

16. Mariner has suffered damages as a result of Defendants' direct infringement of the '666 Patent in an amount to be proved at trial.

17. Mariner has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '666 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '874 Patent)

18. Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in their entireties.

19. Mariner has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '874 Patent.

20. Defendants have and continue to directly infringe the '874 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling and/or importing into the United States products made by the method claimed in one or more claims of the '874 Patent.  Upon information and belief, these products include Funai Televisions that include integrated circuits including, but not limited to the Panasonic MN2WS0172A integrated circuit.   By way of example, infringing Televisions include the Philips 40PFL4907, which televisions include integrated circuits, such as the Panasonic MN2WS0172A integrated circuit.

21. Mariner has suffered damages as a result of Defendants' direct infringement of the '874 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mariner prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly infringed one or more claims of each of the Patents-In-Suit;

b. An order awarding damages sufficient to compensate Mariner for Defendants' infringement of the Patents-In-Suit, but in no event less than a reasonable royalty, together with interest and costs;

c. Entry of judgment declaring that this case is exceptional and awarding Mariner its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  d. Such other and further relief as the Court deems just and proper.

Dated: April 25, 2016         Respectfully submitted,

                **MCKOOL SMITH, P.C.**

                */s/ Alfred R. Fabricant*
                Alfred R. Fabricant
                Texas Bar No. 2219392
                Email: afabricant@brownrudnick.com
                Lawrence C. Drucker
                Email: ldrucker@brownrudnick.com
                Texas Bar No. 2303089
                Peter Lambrianakos
                Texas Bar No. 2894392
                Email: plambrianakos@brownrudnick.com
                Vincent J. Rubino, III
                Texas Bar No. 4557435
                Email: vrubino@brownrudnick.com
                Alessandra C. Messing
                Texas Bar No. 5040019
                Email: amessing@brownrudnick.com
                **BROWN RUDNICK LLP**
                7 Times Square
                New York, NY 10036
                Telephone: (212) 209-4800

                **ATTORNEYS FOR PLAINTIFF,
                MARINER IC INC.**